Jay T. Jambeck (SBN 226018)
Mandy G. Leigh (SBN 225748)
LEIGH LAW GROUP
870 Market Street, Suite 1157
San Francisco, CA 94102
Telephone:    415-399-9155
Facsimile:    415-795-3733

*Attorneys for Plaintiff*
KULGINDER SRAN

**IN THE UNITED STATES DISTRICT FOR**
**THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KULGINDER SRAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132);<br>2. VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 701, *et seq.*)<br><br>JURY TRIAL DEMANDED |

Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff, KULGINDER SRAN is resident of Fresno County, California.

2. Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Regents") is a corporation established by Article IX, Sec. 9 of the California Constitution and is a statewide governmental entity that employs more than fifteen employees and is located throughout the State of California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter for the claims in this complaint pursuant to 28 U.S.C. §1331. This action arises under the laws of the United States, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. Plaintiff has exhausted all requisite administrative remedies.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the Northern District of California is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which the parties to this litigation reside.

## GENERAL ALLEGATIONS

5. Plaintiff matriculated at the University of California San Francisco ("UCSF") in the Fall of 2010 in the Doctor of Dental Studies ("DDS") program after having received a Bachelor of Science degree in Biology from the University of California, Irvine. UCSF is one of the institutions of the University of California system and is thus governed by Defendant.

6. Plaintiff proceeded to distinguish himself in the DDS program at UCSF. He received commendations in every quarter of his first year. For example, in the Winter Quarter 2011, Plaintiff received a commendation for Dental Sciences 116 and was selected

2

Case3:15-cv-04471   Document1   Filed09/29/15   Page3 of 8

for the Osher Scholars Program and received a scholarship for a portion of his tuition for the remaining three years of his program. Plaintiff was elected in the Spring Quarter 2011 to be Executive Vice President of the UCSF student body and served in that capacity starting in the Fall of 2011.

7. For the Summer Quarter 2011, Plaintiff received a national fellowship through the National Institutes of Health to conduct research. During that summer, Plaintiff suffered an assault and subsequent harassment from a fellow student. Plaintiff reported these actions to the professor in charge of the lab where Plaintiff and the other student were conducting research but no adequate response was undertaken.

8. The harassment toward Plaintiff by the fellow student did not abate and continued throughout the second year of the program and into the third year. As the incidents of harassment continued, Plaintiff met with the associate dean and the ombudsman of UCSF, and other UCSF employees, but no adequate actions were taken to stop the harassment of Plaintiff.

9. At the end of the school year, Plaintiff sent an email to the associate dean advising that the continued harassment had created a "hostile environment" but still no action was taken to intervene.

10. In the summer of 2012, Plaintiff began seeing a psychiatrist due to the stress and anxiety he was suffering and was diagnosed with general anxiety disorder. Plaintiff's psychological condition – newly diagnosed and aggravated by the continuing harassment – had an impact upon Plaintiff's performance. In July of 2012, Mr. Sran told his student advocate, Dr. Linda Centore, a psychologist at the dental school, regarding his disability and provided her with a consent form for release of medical/psychological information. Dr. Centore did not advise Plaintiff of his right to request accommodations or direct him in any way toward guidance that would assist him in obtaining reasonable accommodations. Plaintiff, newly diagnosed, was unaware of the procedures or requirements for requesting an accommodation.

11. Six months after disclosing his disability to Dr. Centore, Mr. Sran received his first notice of academic difficulties by receiving a no pass on a module in PCC 133. Dr. Centore was copied on communications related to the no pass and additionally Mr. Sran referred the instructor to Dr. Centore. Despite Dr. Centore's notice of Mr. Sran's disability, Mr. Sran was not referred to disability services nor was he provided any accommodation but he was simply put on academic probation.

12. In the Summer and Fall of 2013, Plaintiff's clinical coach, Dr. Mong, began to criticize Plaintiff for being a "lazy student" when in fact Plaintiff was laboring under the effects of his disability. The clinical coach the began telling other students and residents, with specifically identifiable information about Plaintiff in violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1231g, about the perceived failings of Plaintiff – going so far as advising a resident to write Plaintiff up for "misconduct" arising from an apparent incomplete diagnosis. Thereafter, the resident took a number of inappropriate actions such as discussing Plaintiff's circumstances with others and writing Plaintiff up for being confrontational when two other witnesses disputed that characterization.

13. Later that term, Plaintiff met with his coach and Dr. Linda Centore to discuss Plaintiff's performance and his disabling condition. Dr. Centore advised that the deficiencies described by Plaintiff's coach were consistent with Plaintiff's disabling condition.

14. Plaintiff had been meeting with Dr. Centore during this time regarding his disabling condition, but at no time did Dr. Centore advise Plaintiff of his right to receive reasonable accommodations for his disabling condition. However, Dr. Centore did disclose, without consent, confidential medical information of Mr. Sran's that was used to expel him rather than help with his treatment or obtain reasonable accommodations for Mr. Sran. Mr. Sran only released his medical information for purposes of coordination of Mr.

1  Sran's medical treatment and not for any other purpose, including academic issues, as set
2  forth on the medical release document.
3     15.     After the meeting with Dr. Mong and Dr. Centore, and despite the fact that
4  Dr. Mong was aware of Plaintiff's disabling condition, Dr. Mong began a campaign to
5  malign and discredit Plaintiff – accusing him of unprofessional conduct. Also during this
6  term, Plaintiffs grades began to suffer due to the actions of Dr. Mong, the impact upon
7  Plaintiff's disabling condition and the lack of reasonable accommodations.
8     16.     After Plaintiff complained of the treatment he was subjected to by Dr.
9  Mong and others, Plaintiff was given a retaliatory notice of dismissal proceedings against
10 him – initially for unprofessionalism from an unspecified event and for allegedly failing
11 five classes. In fact, Plaintiff had not failed the five classes – one of the classes he did pass
12 contrary to the notice from UCSF – and in the remaining classes it was the practice UCSF
13 to allow students to work to improve grades that were in various stages of deficiency – but
14 that opportunity was denied to Plaintiff. Further, for three of the classes, Mr. Sran only
15 received negative marks because of restrictions placed on him by Dr. Mong that prevented
16 him from seeing patients and thus completing the courses. Mr. Sran never failed a single
17 clinical competency examination with patients at any time during his academic career at
18 UCSF and no concern regarding patient care was ever raised regarding Mr. Sran.
19     17.     Mr. Sran was always able to perform the tasks required of him, but needed
20 appropriate accommodations of additional time and sensitivity to his condition. Despite
21 the fact that Mr. Sran continued to report to Dr. Centore that his disability was causing him
22 to be perceived by instructors as performing below expectations, Dr. Centore never
23 engaged in an interactive process with Mr. Sran – or advised Mr. Sran that accommodation
24 services were available to him. Instead, Dr. Centore always advised Mr. Sran that she
25 would follow up with the instructors but never advised Mr. Sran of his rights to obtain
26 disability accommodations or services to address the impacts of his newly diagnosed
27 disability.
28

18. Furthermore, despite being advised of Mr. Sran's disability and request for accommodations, UCSF proceeded forward with the dismissal process – without giving Plaintiff opportunities to proceed forward with accommodations. The administration improperly provided preliminary statements that were generated through Mr. Sran's then-ongoing internal discrimination complaint to the dismissal committee as a way of prejudicing the committee against Mr. Sran. Within one week of Mr. Sran's complaint regarding disability discrimination, he was dismissed from UCSF.

19. UCSF treated Plaintiff differently than other non-disabled students who are frequently given the opportunity to retake courses and/or tests the following year.

20. UCSF thwarted Plaintiff's ability to transfer or even reapply to any other educational institution by refusing to provide a letter from the dean in retaliation for Plaintiff complaining about his discriminatory treatment.

21. Plaintiff was ultimately dismissed from UCSF and exhausted all educational remedies afforded to him by settling his educational claims with UCSF.

## COUNT ONE

**(VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. Section 12132 against REGENTS)**

22. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1-21, above.

23. REGENTS is a public entity as an arm of the State of California which receives substantial funding from the United States Federal Government.

24. Plaintiff was, at all times material, diagnosed with the disability of generalized anxiety disorder which substantially limits him in the major life activities of learning and concentration.

25. Plaintiff was otherwise qualified to receive services from Defendant as he was admitted to the University and performed well academically until his disabling

1 condition and then actions of the university representatives began to interfere with his
2 performance.

3     26.     Plaintiff suffered discrimination in violation of the ADA, 42 U.S.C. § 12132
4 as a result of his disability due to the discrimination, retaliation, failure to engage in the
5 interactive process and failure to accommodate Plaintiff.

6     27.     As a direct and proximate result of the foregoing discrimination, Plaintiff
7 suffered damages, including embarrassment, humiliation, pain and suffering, emotional
8 distress and discrimination damages. In addition, Plaintiff took out student loans to pay for
9 an education at UCSF which is now of no value. Had UCSF provided reasonable
10 accommodations to Plaintiff and failed to retaliate against him, he would have graduated
11 and obtained employment. As a result, Plaintiff has suffered lost wages and earning
12 capacity. Plaintiff also incurred costs of attending school and other economic damages.

## COUNT TWO

**(VIOLATION OF SECTION 504 OF THE REHABILITATION ACT)**

16     28.     Plaintiff incorporates and realleges the allegations set forth in Paragraphs
17 1-21, above.

18     29.     REGENTS is a public entity as an arm of the State of California which
19 receives substantial funding from the United States Federal Government.

20     30.     Plaintiff was, at all times material, diagnosed with the disability of
21 generalized anxiety disorder which substantially limits him in the major life activities of
22 learning and concentration

23     31.     Plaintiff was otherwise qualified to receive services from Defendant as he
24 was admitted to the University and performed well academically until his disabling
25 condition and then actions of the university representatives began to interfere with his
26 performance.

7

32. Plaintiff suffered discrimination and retaliation in violation of Section 504 of the Rehabilitation ACt, 29 U.S.C. § 701, et esq. as a result of his disability due to the discrimination, retaliation, failure to engage in the interactive process and failure to accommodate Plaintiff.

33. As a direct and proximate result of the foregoing discrimination, Plaintiff suffered damages, including embarrassment, humiliation, pain and suffering, emotional distress and discrimination damages. In addition, Plaintiff took out student loans to pay for an education at UCSF which is now of no value. Had UCSF provided reasonable accommodations to Plaintiff and failed to retaliate against him, he would have graduated and obtained employment. As a result, Plaintiff has suffered lost wages and earning capacity. Plaintiff also incurred costs of attending school and other economic damages.

**JURY DEMAND**

34. Plaintiff demands a trial by jury on all issues for which a jury trial is afforded by right.

**PRAYER**

Plaintiff prays that the Court award damages and provide relief as follows:

1. General and special damages according to proof at trial;
2. Other remedies that this Court deems equitable and appropriate;
3. Reinstatement of Plaintiff;
4. Order the transfer of Plaintiff to another Regents' governed dental school;
5. Reasonable Attorneys' fees and costs pursuant to statute;
6. Any remedies that this Court deems equitable and appropriate.

Dated: September 25, 2015                    Respectfully submitted,

/s/ Jay T. Jambeck
By:_____
Jay T. Jambeck
*Attorneys for Plaintiff*